# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05CV262-MU-02

| | | |
|---|---|---|
| PABLO GUTIERREZ BENITEZ, )<br>    Petitioner, )<br>)<br>    v. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>  OF CORRECTIONS, )<br>    Respondent. )<br>_____) | | **ORDER** |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, filed October 15, 2005. For the reasons stated herein, the petitioner's case will be <u>dismissed</u> as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to this Petition, on or about April 15, 2002, the petitioner pled guilty to two counts of Trafficking in Methamphetamine. Accordingly, on that occasion, the Superior Court of Iredell County convicted the petitioner, and sentenced him to <u>two</u> terms of 70 to 84 months imprisonment. Presumably, those are concurrent terms.

The petitioner's Petition further reports that he did <u>not</u> timely file a direct appeal in his case. Rather, after waiting about three years, at some point in 2005, the petitioner reportedly attempted to appeal his case to the North Carolina Court of

Appeals. Not surprisingly, however, such attempt was flatly rejected by that Court's Order of May 23, 2005.

Notwithstanding his lack of success, the petitioner did not pursue any other avenue of relief in State court. Instead, on October 15, 2005, the petitioner came to this Court on the instant Petition for a Writ of Habeas Corpus.

By the instant Petition, the petitioner alleges that he was subjected to double jeopardy; that the trial court erred in refusing to find that his post-arrest "good behavior" was a non-statutory mitigating factor; that he was subjected to a conflict of interest by virtue of his having been represented by the same attorney who was representing his brother; and that counsel was ineffective for having recommended that he and his brother accept the State's plea offer, which offer encompassed both of them.

Notwithstanding the petitioner's obvious belief that he is entitled to relief, the Court has determined that the petitioner is not entitled to proceed on this Petition because it was untimely filed. Therefore, such Petition must be dismissed.

## II. ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from

the latest of--

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
>    (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his convictions on April 13, 2002; and that he did not attempt to appeal those matters in a timely manner. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's convictions and sentence(s) became final on or about April 30, 2002--that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal of those matters. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal). Furthermore,

inasmuch as the petitioner's convictions and sentence(s) became final on or about April 30, 2002, pursuant to the provisions of the AEDPA, he had up to and including April 30, 2003 in which to file the instant <u>habeas</u> Petition.  <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); <u>and</u> <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u>  28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.")

Obviously, the petitioner did <u>not</u> file this Petition by such April 2003 date.  Instead, the petitioner took no action at all until sometime in May 2005, when he attempted to pursue a belated direct appeal in the State Court of Appeals.  However, because there simply was no legal authority for such maneuver, the petitioner's appeal was summarily dismissed on May 23, 2005.

More critically, by the time that the petitioner came to this Court on the instant Petition for <u>habeas</u> relief, his 1-year limitations period had long since fully expired.  No doubt, the petitioner was aware that his Petition likely would be construed as time-barred. Nevertheless, despite having been prompted to provide such information, the petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant

Motion.[1]  That is, in response to the habeas form's question concerning why the petitioner waited more than one year to file this action, he merely advised that he is a Mexican national who had relied upon the assistance of a fellow inmate; and that he was not aware of the one-year limitations period. Suffice it to say, however, the foregoing explanation does not give rise to a statutory basis for tolling the limitations period.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004).  See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).  Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period and that a gross

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se petition to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Congress amended the rules governing habeas proceedings, and this Court modified its form Petitions to comply with Hill's requirement.  The new Habeas forms now include a section which directs the petitioner to address the "timeliness of [his/her] petition."  In particular, such new provision advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2254 does not bar [such] petition."  Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Petition--albeit unsuccessfully--the Court concludes that it need not provide the petitioner with any additional opportunities to address such matters.

injustice would result from such enforcement.  Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his <u>Habeas Petition</u> was timely filed in this Court.  Accordingly, such Petition must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED**.

**SO ORDERED.**

**Signed: November 15, 2005**

Graham C. Mullen
Chief United States District Judge